IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARTIK BROTHERS, INC.,

      Plaintiff,　　　　　　　　　　　　　08cv0083
　　　　　　　　　　　　　　　　　　　　　　　**ELECTRONICALLY FILED**

  v.

HUNTINGTON NATIONAL BANK,

      Defendant.

**MEMORANDUM AND ORDER DENYING MOTION IN LIMINE
TO PRECLUDE DEFENDANT FROM OFFERING EVIDENCE
CONTRARY TO THE ISSUES DECIDED BY THE
AMERICAN ARBITRATION ASSOCIATION (DOC. NO. 126)**

Before the Court is plaintiff Martik Brothers, Inc.'s ("Martik's") Motion in Limine to Preclude Defendant from Offering Evidence Contrary to the Issues Decided by the American Arbitration Association (Doc. No. 126). Specifically, Martik seeks to use the AAA decision and the doctrine of collateral estoppel/ issue preclusion offensively to preclude defendant, the Huntington National Bank ("HNB"), from "relitigating" certain matters decided in Martik's favor in that proceeding. Martik states:

> Two of the issues decided in the AAA Arbitration are identical to the issues to be decided by the jury in the present case. First, the AAA Award decided the issue that all of the site work performed by Martik at the Project was part of "Phase 1" of the Project. Second, the AAA Award decided the issue that the amount owed to Martik for the work performed at the Project equaled $2,120,003.75 for the unpaid contract balance. Consequently, Huntington should be precluded from offering any evidence to the contrary.

Plaintiff's Brief in Support of its Motion in Limine to Preclude Defendant from Offering Evidence Contrary to the Issues Decided by the American Arbitration Association Arbitration (Doc. No. 127), at 15.

After careful consideration of Martik's Motion in Limine and its initial and reply briefs

in support, HNB's brief in opposition, and the materials submitted in support of their respective positions, the Court finds that the AAA Award and decision do not have preclusive effect in this litigation, and will deny the Motion in Limine.

The legal standard for issue preclusion/ collateral estoppel under Pennsylvania law is as follows:

> (1) An issue decided in a prior action is identical to one presented in a later action;
>
> (2) The prior action resulted in a final judgment on the merits;
>
> (3) The party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and
>
> (4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Rue v. K-Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998); *Witkowski v. Welch*, 173 F.3d 192, 199 (3d Cir. 1999) (citing the Restatement (Second) of Judgments, Section 327) and *Schubach v. Silver*, 336 A. 2d 328, 334 (Pa. 1975). Issue preclusion/ collateral estoppel principles apply to final arbitration decisions. *Witkowski*, 173 F.3d at 199-200.

Initially, the Court agrees with HNB that it is not and was not in privity with Martik when it prosecuted its arbitration against Kiebler Slippery Rock, L.L.C., ("Kiebler"). See *Nationwide Mut. Fire Ins. Co. v. George v. Hamilton, Inc.*, 571 F.3d 299, 310-13 (3d Cir. 2009). Generally, collateral estoppel does not apply to those who were not parties in the prior litigation, based on the "deep-rooted historic tradition that everyone should have his own day in court." *Id*. at 310, 314 (citing *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 798 (1996)). Although a "well-established exception . . . exists when the nonparty is in privity with someone who was a

party to the prior suit," the "scope of [the] privity [exception], while largely freed from the very constrictive common law mutuality anchor, remains small." *Id.* at 571 F.3d 311 (citing *Collins v. E.I. DuPont de Nemours & Co.*, 34 F.3d 172, 176 (3d Cir. 1994)). Martik offers no authority supporting the proposition that a lender bank stands in privity with its borrowers, nor any case law finding privity between a contractor and its lending bank based on their loan agreement.

Second, the issues decided in the AAA proceeding are not identical to the issues presented herein. The AAA panel's decision regarding the issue of the scope of the construction contracts between Kiebler and Martik for site work and construction of Phase I and Phase II of the project is quite different than the issue of the scope of the Construction Loan Agreement between Kiebler and HNB. Similarly, Martik's measure of damages against Kiebler for breach of contract in the arbitration proceeding is not the same measure of damages appropriate in this proceeding against HNB for alleged fraudulent and negligent misrepresentation upon which plaintiff claims to have relied in continuing to work on the project for Kiebler.

The Court finds that the AAA decision has no preclusive effect on any issues presented in this litigation. Accordingly,

AND NOW, this 17th day of March, 2010, IT IS HEREBY ORDERED that Martik's Motion in Limine to Preclude Defendant from Offering Evidence Contrary to the Issues Decided by the American Arbitration Association (Doc. No. 126) is DENIED.

                SO ORDERED.

                s/ Arthur J. Schwab
                Arthur J. Schwab
                United States District Judge

cc:    All Registered ECF Counsel and Parties