**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MARTIK BROTHERS, INC.,

           Plaintiff,                    08cv0083

        v.                         **ELECTRONICALLY FILED**

HUNTINGTON NATIONAL BANK,

           Defendant.

**MEMORANDUM OPINION DENYING PLAINTIFF'S MOTION FOR**
**ATTORNEYS FEES OR, IN THE ALTERNATIVE, TO**
**ALTER OR AMEND THE VERDICT (DOC. NO. 161)**

## I.      INTRODUCTION

Before this Court is Plaintiff, Martik Brothers, Inc.'s ("Martik") Motion for Attorneys Fees, or in the alternative, to Alter or Amend the Verdict. (Doc. No. 161). The Court is quite familiar with this litigation and, after careful consideration of said motion and memorandum of law in support, Defendant Huntington National Bank's ("Huntington") Response to Plaintiff's Motion for Attorneys Fees (Doc. No. 165), and the entire record, this Court declines to exercise its discretion to award Plaintiff attorneys fees and will deny Plaintiff's motion. (Doc. No. 161).

## II.      PROCEDURAL BACKGROUND

Plaintiff instituted the present action by filing a complaint alleging three theories of liability: Third-Party Beneficiary of the Construction Loan Agreement between Kiebler Slippery Rock, LLC and Huntington, Misrepresentation, and Detrimental Reliance/ Unjust Enrichment. (Doc. No. 1.) Following discovery, Huntington filed a motion for summary judgment on all claims, which this Court granted on January 14, 2009. Martik appealed the Court's Order to the United States Court of Appeals for the Third Circuit, arguing this Court erred in granting

summary judgment on Martik's third-party beneficiary, fraudulent misrepresentation, and detrimental reliance/unjust enrichment claims.

On December 8, 2009, the Court of Appeals reversed and remanded this Court's judgment as to the intentional misrepresentation claim, but affirmed the Court's judgment on the other claims. *Martik Brothers, Inc. v. The HNB National Bank*, 2009 WL 4639661 (3d Cir. 2009). In its opinion, the Court of Appeals noted that this Court addressed only an intentional misrepresentation claim - and not negligent misrepresentation - in granting summary judgment for Huntington, and indicated that upon remand, Martik could amend its complaint to add a claim for negligent misrepresentation. *Id*. at *3, n. 7. Two months later, on February 4, 2010, Martik filed a Motion to Amend and/or Clarify its Misrepresentation Claim, (Doc. No. 69), which this Court granted.

At trial, Martik sought damages in the amount of $2.1 million on its intentional and negligent misrepresentation claims. The jury returned a verdict in favor of Martik on its negligent misrepresentation claim only, for an amount in excess of $2.4 million. The parties in the present action stipulated before trial that "all issues and defenses relating to attorneys fees [are] preserved pending the outcome of trial." (Doc. No. 148).

### III.    LEGAL STANDARD

In diversity cases, District Courts apply state rules concerning the award of attorneys fees. *Montgomery Ward & Co. v. Pacific Indem. Co.*, 557 F.2d 51, 56 (3d Cir. 1977). Pennsylvania follows the American Rule for attorneys fees, which proscribes that a litigant cannot recover attorneys fees from an adverse party absent express statutory authority, clear agreement between the parties, or another established exception. *See Trizechahn Gateway, LLC v. Titus*, 976 A.2d

2

474, 482-83 (Pa. 2009).  Denial or award of attorneys fees is within the sound discretion of trial courts and will be reversed on appeal only for an abuse of discretion.  *Security Mut. Life Ins. Co. of New York v. Contemporary Real Estate Associates*, 979 F.2d 329 (Pa. 1992).

###    A.    Attorneys Fees as Sanctions

Counsel fees may be awarded as a sanction for "dilatory, obdurate, or vexatious conduct during the pendency of a matter."  42 Pa.C.S. § 2503(7).  "Dilatory" has been interpreted as tending to or having the intent to delay and "obdurate" as unyielding or resistant to persuasion. *McDade v. Garland*, 10 Pa. D. & C. 4th 198, 1991 WL 330900 (C.P. 1991).  "Vextatious" has been construed as causing or creating a source of annoyance or irritation.  *See Cummins v. Atlas Railroad Construction Co.*, 814 A.2d 742 (Pa.Super.Ct. 2002).  "An award of counsel fees pursuant to § 2503(7) must be supported by a trial court's specific finding of dilatory, obdurate or vexatious conduct."  *Yeager v. Kavic*, 765 A.2d 812, 815 (Pa.Super.Ct. 2000).

###    B.    Attorneys Fees as Punitive Damages

Punitive damages are available under Pennsylvania law only when the defendant's conduct is "outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."  *Logue v. Logano Trucking Co.*, 921 F.Supp. 1425, 1427 (E.D.Pa. 1996).  Moreover, the defendant's conduct must be "intentional, willful, wanton or reckless." *Castetter v. Mr. "B" Storage*, 699 A.2d 1268, 1271-72 (Pa.Super.Ct. 1997).  To justify an award of punitive damages, "[n]either mere negligence, nor even gross negligence, shows sufficient culpability." *Castetter*, 699 A.2d at 1271-72.

Under Pennsylvania law, "punitive damages are not available for claims based upon negligent conduct, even if the alleged conduct constitutes gross negligence."  *M  & M Stone Co.*

3

*v. Pennsylvania Dept. Of Environmental Protection*, Case No. 07-4784, 2008 WL 4467176 *32 (E.D.Pa. 2008). As punitive damages are not available for negligence claims, attorneys fees sought by plaintiffs are not available in negligence cases. *See Krysmalski v. Tarasovich*, 622 A.2d 298 (Pa.Super.Ct. 1993), *Walker v. May Dept. Stores Co.*, 83 F.Supp.2d 525 (E.D.Pa. 2000).

## IV.    DISCUSSION

### A.    This Court Will Not Award Plaintiff Attorneys Fees as a Sanction

Plaintiff has argued that Huntington's failure to produce electronic data until several months after key witness' depositions and failure to offer settlement prior to trial justifies that this Court award Plaintiff attorneys fees as a sanction for Defendant's dilatory, obdurate, or vexatious conduct. Plaintiff alleged similar delay by Defendant during discovery and unreasonableness in settlement negotiations in Plaintiff's motion for prejudgment interest or delay damages. (Doc. No. 159). This Court denied said motion because Defendant did not act unreasonably in settlement negotiations nor did it unreasonably delay litigation. (Doc. No. 164).

Prior to Plaintiff's motions to alter the judgment (Doc. No. 159), there were no complaints by Plaintiff or the mediators that Huntington did not participate in mediations in good faith. There was no evidence at trial that Huntington delayed litigation of Plaintiff's claims or was unreasonable in settlement. This Court is not persuaded that Defendant's behavior was dilatory, obdurate or vexatious as required by 42 Pa.C.S. § 2503(7) and as such, an award of attorneys fees as a sanction will not be granted .

### B.    This Court Will Not Award Plaintiff Attorneys Fees as Punitive Damages

Plaintiff argues that:

4

> In the present case, the jury found by clear and convincing evidence all of the key elements of fraudulent misrepresentation, except that Martik Brothers was not justified in relying upon the intentional misrepresentation by clear and convincing evidence.  However, they did find Martik Brothers was justified in its reliance by a preponderance of the evidence.  The form in which the verdict for fraudulent misrepresentation was returned indicates that the jury found all the key elements of Huntington's conduct necessary to award punitive damages and attorney fees.

(Doc. No. 162, 4).

The jury's verdict form establishes they found all the elements of negligent misrepresentation by a preponderance of the evidence and all the elements of intentional misrepresentation by clear and convincing evidence except for the element of justifiable reliance. (Doc. No. 156).  The Court finds that jury's verdict form answers do not support a claim for attorneys fees or punitive damages.

Under Pennsylvania law, "there must be acts of malice, vindictiveness and a wholly wanton disregard for the rights of others" when fraudulent conduct is the basis for punitive damages. *Pittsburgh Live Inc. v. Servov*, 615 A.2d 438, 442 (Pa.Super 1992).  Furthermore, an establishment of all or some of the elements of fraudulent misrepresentations does not entitle a plaintiff to punitive damages simply because elements have been met.  *See Tunis Bros. Co. v. Ford Motor Co.*, 952 F.2d 715, 741 (3d Cir. 1992).  In any event, the jury in this case rejected the fraudulent misrepresentation claim, finding Defendant liable for negligent misrepresentation only.

A punitive damages claim must establish that a defendant have a subjective appreciation of the risk of harm to the plaintiff from his/her action and secondly, that defendant have acted, or failed to act, in conscious disregard of the risk to plaintiff. *Hutchinson v. Luddy*, 870

5

A.2d 766, 770 (Pa. 2005).  Plaintiff argues that Defendant's knowingly false misrepresentation that Plaintiff would be paid for work performed on the Slippery Rock project is sufficient to support a finding "of outrageous conduct and award punitive damages." (Doc. No. 162, 6). However, neither this assertion nor the case law Plaintiff relies on convince this Court that an award of attorneys fees as punitive damages is justified.

The case relied on by Plaintiff for the proposition that "breaches of fiduciary duty, intentional withholding of critical information and fraudulent misrepresentation were more than sufficient to justify the punitive damages award" is not persuasive or analagous to the present case.  *Rizzo v. Haines*, 555 A.2d 58,69 (Pa.1989).  The Defendant in *Rizzo* was an attorney who fraudulently induced his client to transfer $50,000 to his account and pursued settlement of Plaintiff's suit for $2 million even though Plaintiff had instructed Defendant to settle the suit for $750,000.  *Rizzo*, 555 A.2d at 58.   Trial court found the Defendant's conduct breached fiduciary duties and awarded punitive damages as "such conduct demands language of judicial indignation and condemnation" and "to warn the profession that the law will regard with the gravest suspicion - a virtually insurmountable suspicion - circumstances whereby an attorney procures his client's assets by way of supposed gift."  *Rizzo*, 55 A.2d at 67-8.

However, Huntington's actions in the present case are not similar to the Defendant in *Rizzo*.  Unlike *Rizzo*, this Court does not see a need to punish the Defendant for outrageous conduct or to deter other organizations from similar conduct.  *Luddy*, 870 A.2d 766, 770 (Pa. 2005).  There has been no further evidence that Huntington's actions and misrepresentations have been motivated by malice, vindictiveness or a wholly wanton disregard for the rights of others as required by *Luddy*.  *Luddy*, 870 A.2d at 770.  Furthermore, "punitive damages [are] an

6

'extreme remedy' available in only the most exceptional matters." *See Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005).  As such, Plaintiff's motion for attorneys fees as punitive damages will be denied.

### V.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys Fees, or in the alternative, to Alter or Amend the Verdict (Doc. No. 161) will be **DENIED**.

An appropriate order follows.

<u>s/ Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties