IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARTIK BROTHERS, INC.,
    PLAINTIFF,

v.                                                                            08cv0083
                                                                          Electronically Filed

HUNTINGTON NATIONAL BANK,
    DEFENDANT.

### MEMORANDUM ORDER

Before the Court is defendant Huntington National Bank's (HNB") Motion for a New Trial pursuant to Rule 59 (Doc. No. 172), seeking a new trial on damages or, in the alternative, remitting the damages awarded by the jury.

Although this Court sits in diversity, federal law governs the issue of whether to order a remittitur or new trial on damages. *See Brayman v. 99 West, Inc.*, 116 F.Supp.2d 225, 230 (D.Mass.2000). The ordering of a new trial under Fed.R.Civ.P. 59 is a disfavored remedy, as "such an action effects a denigration of the jury system" because it is the trier of the facts. *Lind v. Schenley Indus., Inc.*, 278 F.2d 79, 90 (3d Cir.1960) (en banc -- to the extent that new trials are granted "the judge takes over ... the prime function of the jury").

Motions for new trial are seldom granted, especially when the asserted ground is insufficiency of evidence and the subject matter is not particularly complex and deals with material which is familiar and simple. *See id.* at 90-91. The party challenging the verdict bears a heavy burden of showing that the verdict is against the weight of the evidence and that "a miscarriage of justice would result if the verdict were to stand." *Klein v. Hollings*, 992 F.2d 1285, 1290 (3d Cir.1993).

HNB argues in the alternative that the Court should grant a remittitur in this case due to the excessiveness of the damages awarded and a lack of evidence to support the amount of the award. Remittitur is appropriate if the Court "finds that a decision of the jury is clearly unsupported and/or excessive." *Spence v. Board of Educ. of Christina Sch. Dist.*, 806 F.2d 1198, 1201 (3d Cir.1986); 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2815 (1995); *McDermott v. Party City Corp.*, 11 F.Supp.2d 612, 620 (E.D.Pa.1998). If remittitur is granted, the party against whom it is entered can accept it or can proceed to a new trial on the issue of damages. *McDermott*, 11 F.Supp.2d at 620; 11 Wright Miller & Kane § 2815 at 160.

The Court has carefully considered the motion for new trial or for remittitur, the briefs in support and in opposition thereto, the supporting materials and the record in this case, including the special verdict form and the Court's instructions to the jury on damages, and finds that the jury's verdict is neither excessive nor is it unsupported by the evidence. To the contrary, the jury verdict was certainly within the fair range of damages resulting from HNB's negligent misrepresentation.

The jury's damage award fairly compensates Martik for the losses that it sustained as a result of HNB's negligent conduct and puts Martik in the position that it would have occupied if HNB had not made the misrepresentation that there was adequate funding to pay for all of Martik's work it thereafter performed under the contracts with Kiebler Slippery Rock in reliance on the misrepresentation.

Accordingly,

IT IS HEREBY ORDERED that Huntington National Bank's (HNB") Motion for a New Trial pursuant to Rule 59 (Doc. No. 172) is DENIED.

It is so ordered.

s/ Arthur J. Schwab
Judge Arthur J. Schwab
U.S. District Judge